UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 05-10003-NMG |
| JOSEPH YERARDI, JR. | ) ) | |
| Defendant. | ) ) | |

GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
MOTION FOR RELEASE FROM CUSTODY

The government respectfully submits this memorandum in opposition to the motion for pretrial release that was filed by defendant Joseph Yerardi, Jr. on October 2, 2007.

A full evidentiary detention hearing was held regarding defendant Yerardi on April 21, 2005, before Chief Magistrate Judge Swartwood. A copy of the hearing transcript is being submitted herewith.

On April 27, 2005, Judge Swartwood issued a 16-page order, a copy of which is also submitted herewith, granting the government's motion for pretrial detention of Yerardi in the currently pending case. The Court found, among other things, that --

- ♦ Yerardi's criminal record dates back to 1976 and includes two convictions for assault and battery of a police officer, receipt of a firearm as a convicted felon, making a false statement to obtain a firearm, and other crimes.

- ♦ In October 1993, a federal grand jury indicted Yerardi on 71 counts, including racketeering, making extortionate extensions of credit (loansharking), using extortionate means to collect credit, operating an illegal gambling business, money-laundering, and witness intimidation.

- From August 1993 until April 1994, Yerardi lived in Florida under the assumed name "John Capello." Yerardi had known Capello, who died in 1991. After Yerardi was indicted in October 1993, Yerardi obtained a beeper, a Florida ID card, and membership to a health club under Capello's name.

- During the summer of 1994, after Yerardi was finally apprehended and transported by the Marshals back to Massachusetts, the Court denied the government's motion for detention and released Yerardi on very restrictive conditions that included home confinement with electronic monitoring; pen registers on all of his home telephones and a prohibition on his possessing any other means of communication; surrender of all documents in the name of Louis Ferragamo Jr. and all other documents that could be used to assume another person's identity; the condition that Yerardi not commit any federal, state, or local crimes while on release; a $600,000 bond secured by his parents' home; and designation of his wife, Rafia, to act as third party custodian.

- Yerardi proceeded to violate these conditions, resulting in revocation of his release, because Yerardi, among other things, resumed collecting money on illegal loans; abused the privilege of visits to his attorney's office by having a meeting with a debtor away from the lawyer's office and by using the lawyer's office to make unsupervised calls to other debtors; abused the privilege of medical appointments away from home by using a pay phone to call a codefendant to discuss another person from whom Yerardi was trying to collect money; had a new telephone line installed at his home with an unlisted number and without notifying Pretrial Services;

purchased several prepaid telephone credit cards under the name of Joseph Marky; and possessed a birth certificate in the name of Louis Ferragamo.

- Yerardi not only had his release revoked but also was sentenced to six months incarceration for contempt of court because he had flouted the Court's release order.

- On May 1, 1995, Yerardi pled guilty to all 71 counts of the 1993 indictment, and on August 24, 1995, Yerardi was sentenced to 135 months incarceration to be followed by 3 years of supervised release.

- Two of the counts to which Yerardi pled guilty in 1995 involved obstruction of justice (intimidation of witnesses).

- The government has witnesses, tape recordings, and documentation which establish that while Yerardi was serving that 11 year sentence, he continued to be involved in loansharking, money laundering, and an illegal gambling business.

- During October 2004, Yerardi was transferred from federal prison to a halfway house, but that placement was revoked because of further alleged criminal activity by Yerardi.

- In February 2005, Yerardi was released from prison at the conclusion of his 11 year sentence, but then allegedly continued to engage in criminal activity while on supervised release.

- During 2005, Yerardi was indicted in the present case, charged with 245 counts including racketeering, money laundering, and operating an illegal gambling business.[1]

- If Yerardi is convicted of these charges, he faces a substantial period of incarceration because many of the charges contain 20 year maximum prison terms and because of Yerardi's criminal history.

- The weight of the evidence against Yerardi on the current indictment is substantial.

In ordering Yerardi detained on the current indictment, Judge Swartwood elaborated:

> [A]fter I released Mr. Yerardi on extremely restrictive conditions pending trial on the 1993 Indictment, he proceeded to violate nearly every special condition that I had imposed, including that he refrain from committing any further offenses while on release. Mr. Yerardi violated those conditions despite the fact that his parents, who were then approximately seventy-eight years old, had pledged their home as security for *all* conditions of release (not just risk of flight). Considering the nature of the offense[s] charged in this Indictment, Mr. Yerardi's criminal record which includes prior convictions for similar crimes and prior convictions for crimes of violence and Mr. Yerardi's propensity to commit offenses while either serving a suspended sentence or on release pending trial, I find by clear and convincing evidence that Mr. Yerardi poses a danger to the community and that there are no conditions or combination of conditions that will assure the safety of any person or persons in the community if he were released.

In a footnote, Judge Swartwood added:

> Mr. Yerardi's parents have again indicated that they are willing to post [t]heir home as security for his release. Given Mr. Yerardi's record of violating his conditions of release and his propensity to carry on his illegal activities while charges are pending against him,

---

[1] The indictment was superseded on September 13, 2006, adding five more counts against Yerardi -- including use of extortionate means to collect an alleged debt -- for a total of 250 counts.

even if I were inclined to allow his parents to once again risk their home (which I am not), I do not find that the pledge of their home would assure Mr. Yerardi's compliance with any conditions this Court might impose for his release.

In his October 2, 2007 motion for release from custody, Yerardi proposes that he be released on the same types of conditions that he flagrantly violated in 1994 and that Chief Magistrate Judge Swartwood found would not adequately protect the public in 2005. There are no more restrictive conditions that can reasonably be imposed.

There is no more reason to believe now than in 2005 or in 1995 that Yerardi would obey conditions of release and would not commit further crimes while on release. Moreover, Yerardi has a history of leaving the jurisdiction, using an assumed name, evading arrest, and assaulting law enforcement officers.

For the foregoing reasons, Yerardi's motion for release from custody should be denied.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By:   /s/ Michael L. Tabak
       Michael L. Tabak
       Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered parties.

    /s/ Michael L. Tabak
    Michael L. Tabak
    Assistant United States Attorney
    Telephone: (617) 748-3203

Date: October 9, 2007